UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL STURDEE,

    Plaintiff,

v.                                         Case No. 1:18-cv-770
                                            Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

# OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff alleged a disability onset date of July 1, 2012. PageID.240. Plaintiff identified his disabling conditions as attention deficit hyperactivity disorder (ADHD), depression, and anxiety. PageID.244. Prior to applying for DIB and SSI, plaintiff earned a GED and had worked as a network analyst. PageID.46. An Administrative law judge (ALJ) reviewed plaintiff's application *de novo* and entered a written decision denying benefits on August 29, 2017. PageID.35-48 This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.    LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42

1

U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe

impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 1, 2012, and that he met the insured status of the Social Security Act through June 30, 2015.

3

PageID.37. At the second step the ALJ found that plaintiff had severe impairments of anxiety, affective disorder (depression), panic disorder, and ADHD. PageID.38. At the third step the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.38.

The ALJ found at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with nonexertional limitations. The claimant is capable of performing simple, rote, repetitive 1-4 step tasks, with brief, occasional, and superficial social interaction. The claimant will best work at a job that does not require any contact with the general public at a job that is free from the stresses of a fast-paced production rate and no in tandem work.

PageID.39. The ALJ also found that plaintiff was unable to perform any past relevant work. PageID.45.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at all exertional levels in the national economy. PageID.46-47. Specifically, the ALJ found that plaintiff could perform the requirements of unskilled, light exertional level work in the national economy such as assembler (150,000 jobs), inspector (90,000 jobs), and packager (120,000 jobs). PageID.46-47. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from July 1, 2012 (the alleged onset date) through August 29, 2017 (the date of the decision). PageID.47-48.

### III. DISCUSSION

Plaintiff set forth two issues on appeal:

**A. The ALJ who decided this case lacked the constitutional authority to conduct the hearing and render a decision.**

Plaintiff contends that this case should be remanded because the ALJ who presided over his case was not properly appointed pursuant to the Appointments Clause of the United States

4

Constitution, citing *Lucia v Securities and Exchange Commission*, -- US --; 138 S. Ct. 2044 (June 21, 2018), which held that the ALJ's employed by the Securities and Exchange Commission (SEC) to hear disputes were appointed in an unconstitutional manner. Specifically, the ALJs of that agency had to be appointed by the President, Courts of Law, or Heads of Departments in the manner set forth in the Appointments Clause. *Id*.at 2049-55. Absent such appointment, the ALJs employed by the SEC lacked the authority to perform their assigned tasks. *Id*. at 2049-55. Plaintiff contends that the reasoning in *Lucia* applies here, and that the ALJ in this case lacked authority to perform his assigned task.

Plaintiff did not raise this issue during the administrative appeal. For this reason, her claim is not before the Court. In *Pugh v. Commissioner of Social Security*, No. 1:18-cv-78, 2018 WL 7572831 (W.D. Mich. Nov. 8, 2018), this Court concluded that a Social Security claimant who did not challenge the constitutional authority of an ALJ during the administrative proceedings cannot make such a challenge for the first time in an appeal brought pursuant to 42 U.S.C. 405(g):

> In *Lucia*, the Court reiterated that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." *Lucia*, 138 S.Ct. at 2055. The Court found that Lucia was entitled to relief because he timely challenged the appointment of the ALJ hearing his case by asserting such during the administrative process before the SEC. *Ibid*. Lower federal courts have subsequently concluded that, based on *Lucia*, a Social Security claimant must raise the ALJ appointment issue before the Social Security Administration, otherwise such is untimely and, therefore, waived. *See, e.g.*, *Thurman v. Commissioner of Social Security*, 2018 WL 4300504 at *9 (N.D. Iowa, Sept. 10, 2018); *Garrison v. Berryhill*, 2018 WL 4924554 at *2 (W.D.N.C., Oct. 10, 2018); *Davidson v. Commissioner of Social Security*, 2018 WL 4680327 at *1 (Sept. 28, 2018).
>
> These decisions are persuasive and consistent with the express holding in *Lucia*. Plaintiff does not allege that she raised the ALJ appointment issue before the Commissioner. Instead, Plaintiff has asserted such for the first time in this Court. Accordingly, the Court finds that Plaintiff has waived any argument pertaining to

5

the constitutionality of the appointment of the ALJ who resolved her claim for benefits. Plaintiff's motion is, therefore, denied.

*Pugh*, 2018 WL 7572831 at *1. For these reasons, plaintiff's claim is denied.

> **B. The decision fails to consider the opinion of the treating therapist the plaintiff could not maintain concentration for more than three minutes, which precludes all employment.**

Plaintiff contends that the ALJ failed to weigh the evidence of a therapist (or counselor), Ryan Hanberry. The ALJ addressed MR. Hanberry's opinions as follows:

> The record also contains various opinions from the claimant's counselor, Ryan Hanberry, LLPC, MA. Mr. Hanberry provided a *Miscellaneous Note* dated March 30, 3015, in which he stated, "Upon assessing Mr. Sturdee based on his self-report, clinical observation and interview including preliminary psychological measures it is evident that his symptoms are significant enough to negatively impact his ability to work, his concentration and persistence, social interaction, and ability to adapt. Mr. Sturdee was previously diagnosed with Bipolar Disorder and suffers from unexplained mood shifts including depressive episodes that greatly inhibit his ability to function within normal expectations. He also suffers from generalized anxiety and social anxiety that impedes his ability to work, socially interact, perform tasks such as shopping, and at times he is unable to leave his home due to the intensity of the anxiety. Mr. Sturdee's depressive symptoms [fluctuate] between mild and severe. His anxiety is almost chronically in the severe range. This combines with his ADHD symptoms has caused extreme difficulty with short-term memory and makes concentration nearly impossible in certain situations." (Exhibit B4F). Following a September 2015 initial assessment and diagnostic impression, Mr. Hanberry opined, "Mr. Sturdee is currently unable to meet the demands of part-time or full-time employment due to his inability to sustain attention for more than 3 minutes. His anxiety is in the severe range and further complicates his ability to pursue employment." (Exhibit B8F/2). Similarly, in a letter dated November 1, 2016, Mr. Hanberry also indicated, "I'm writing to address the issue of disability regarding Mr. Sturdee who has multiple health concerns which prevent him for obtaining employment. Mr. Sturdee suffers from Bi Polar disorder, ADHD, and a severe anxiety disorder all of which affect his ability to function at a normal level on a daily basis . . . It is my professional opinion that Mr. Sturdee continues to experience debilitating psychological challenges, has so for several years, and as a result is currently unable to meet the demands of part-time or full-time employment. I highly recommend that he be considered and approved for disability." (Exhibit B6F).

PageID.43-44.

As a counselor or therapist, Mr. Hanberry is not an acceptable medical source under 20 C.F.R. §§ 404.1513(a) and 416.913(a) (defining acceptable medical sources). As the Sixth Circuit explained:

> Section 404.1513 establishes two categories of medical evidence, "acceptable medical sources" and "other sources." Generally speaking, "acceptable medical sources" are licensed physicians and psychologists. 20 C.F.R. § 404.1513(a). The regulations establish the weight or deference that must be given to the opinion of an acceptable medical source depending on whether it is a "treating source," a "non-treating (but examining) source," or a "non-examining source." *Smith v. Comm'r of Social Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). "Other sources" is everyone else, including nurse practitioners, physician's assistants, and therapists. 20 C.F.R. § 404.1513(d)(1). More specifically, nurse practitioners, therapists, and the like are "non-acceptable medical sources." *See id.* The opinion of a "non-acceptable medical source" is not entitled to any particular weight or deference—the ALJ has discretion to assign it any weight he feels appropriate based on the evidence of record. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir.1997); *Engebrecht v. Comm'r of Soc. Sec.*, 572 Fed. Appx. 392, 397-98 (6th Cir.2014).
>
> Social Security Ruling 06–03p elaborates further as to how the ALJ should treat evidence from a non-acceptable medical source. SSR 06–03p, 2006 WL 2329939 (Aug. 9, 2006). This ruling recognizes that in some cases a non-acceptable medical source may have an insight as to the claimant's impairment that outweighs even a treating source's opinion depending on the nature of her treatment relationship with the claimant and the quality and supportability of her opinion. 2006 WL 2329939, at *5. Thus, "[o]pinions from these medical sources . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." *Id.* at *3. Moreover, "the case record should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources' and from 'non-medical sources' who have seen the claimant in their professional capacity." *Id.* at *6. Finally, "the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that discussion of the evidence in the determination or decision allows a claimant and subsequent reviewer to follow the adjudicator's reasoning[.]" *Id.*

*Noto v. Commissioner of Social Security*, 632 Fed. Appx. 243, 248-49 (6th Cir. 2015).

While the ALJ is required to give "good reasons" for the weight assigned a treating source's opinion, *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004), this articulation requirement does not apply when an ALJ evaluates the report of a medical source

7

who is not a treating, acceptable medical source. *See Smith*, 482 F.3d at 876. However, "the ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning." *Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (internal quotation marks omitted).

The ALJ has discretion to assign any weight to the opinion of a non-acceptable medical source that she "feels appropriate based on the evidence of record." *Noto*, 632 Fed. Appx. at 248-49. However, in this case, the ALJ did not exercise that discretion. While the ALJ summarized Mr. Hanberry's opinions, she did not evaluate those opinions. Because of this failure to evaluate Mr. Hanberry's opinions, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-visit this decision and provide an evaluation of Mr. Hanberry's opinions.

IV. **CONCLUSION**

Accordingly, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-visit the decision denying benefits and provide an evaluation of Mr. Hanberry's opinions. A judgment consistent with this opinion will be issued forthwith.

Dated: September 30, 2019  /s/ Ray Kent
United States Magistrate Judge